Martin Foundation, Inc., et al., Respondents-Appellants, v. Phillips-Jones Corporation, Appellant-Respondent, et al., Defendants.— Cross appeals in a stockholders' derivative action from an order granting to plaintiffs' attorneys an allowance as counsel fee in the sum of $60,000 and disbursements, to be paid by the corporate defendant, and from that part of a judgment entered in

accordance therewith. Plaintiffs appeal on the ground of inadequacy. Order and judgment, insofar as appealed from, modified on the law and the facts by striking from said order the words and figures "Sixty Thousand Five Hundred Fourteen and 92/100 ($60,514.92)" and by substituting therefor the words and figures "Twenty Thousand Five Hundred Fourteen and 92/100 ($20,514.92)", and by striking from said judgment the figure "$60,514.92" and by substituting therefor the figure "$20,514.92". As so modified, order and judgment, insofar as appealed from, unanimously affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The Official Referee concluded that the defendants would have been able to control the action at the meeting of the stockholders when the proposed contracts were to be submitted. That conclusion was warranted in view of the failure of defendant Seymour J. Phillips to deny the allegations of Lester Martin, president of plaintiff corporations, as to alleged statements of control made by the former and the admitted percentage of stock possessed by the three beneficiaries of the proposed contracts and their associates. The Official Referee could also find that the withdrawal of the proposals from the stockholders was due to the action brought by the plaintiffs, and he properly refused to find that any benefit had come to the corporation by withdrawal of the proposals insofar as they called for the payment of salaries and bonuses. However, he erred in finding that the corporation had benefited to the extent of $650,000 by the elimination of the retirement provisions. On this record the only benefit which, with any degree of certainty, it can be said that the corporation acquired from the institution of the action by the plaintiffs was to be relieved from having to resist any action the plaintiffs might have instituted to invalidate the proposed contracts if they had been adopted by the stockholders. The defendant officers, with whom it was proposed to make contracts, were performing services not incidental to the offices which they held. Continuation of such services either by said defendants or others has not been shown to be unnecessary. The corporation has been relieved of making payments in accordance with the proposals, but it must continue to pay for the services. It cannot be said on this record that what has been paid was unreasonable or that the value of similar service will not increase in the next twenty years, the combined period of active employment and retirement under the proposals. What contingencies may arise affecting retirement or payments in retirement, or what the taxes on any funds not expended for retirement benefits will be cannot be foreseen. The financial condition of the corporation, as well as the offers of credit to the amount of $5,000,000, indicate that the corporation has not been injured by the conduct of the management. There is no legal obstacle to the execution of a contract between the officers and the corporation for any reasonable compensation for services not merely incidental to their office. (*Godley* v. *Crandall & Godley Co.*, 212 N. Y. 121, 132; *Gallin* v. *National City Bank of N. Y.*, 152 Misc. 679, 703.) As long as they remain directors, and therefore fiduciaries, their contracts of employment are subject to the cautious scrutiny of equity. (*Rogers* v. *Hill*, 289 U. S. 582.) The proposed contracts provided for continuance of salaries and payment of bonuses. But the services to be compensated were not only similar to those heretofore rendered, but could be any services which the board of directors might choose to assign. Under the proposals the board might assign services purely incidental to the offices held by defendant officers, for which no compensation lawfully could be paid. In addition, the proposals by reason of the

provisions for retirement would be susceptible of a construction which would have prevented the corporation from discharging said defendants if they failed to perform because of physical or mental incapacity which did not continue for twelve consecutive months. Under the proposals, the directors could have assigned small services for which the stipulated sums would obviously have been an appropriation of assets of the corporation for the benefit of the three contracting officers which even a majority of the stockholders could not authorize. (*Rogers* v. *Hill, supra.*) For their services in preventing the adoption of such proposals, plaintiffs' attorneys are entitled to a reasonable fee which is fixed at $20,000, together with their disbursements. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. [204 Misc. 120.]