JUDITH SAKS,
Plaintiff,

*vs.*

BERTIN C. GAMBLE, FOUNDERS INCORPORATED, ASSOCIATES, INC., and GAMBLE-SKOGMO, INC.,
Defendants.

*New Castle, December 13, 1955.*

*William S. Potter* and *James L. Latchum,* of Berl, Potter & Anderson, Wilmington, and *Leonard Schrieber* and *Sidney L. Garwin,* New York City, for plaintiff.

*Ernest S. Wilson,* of Morford & Bennethum, Wilmington, for corporate defendants.

SEITZ, Chancellor: This is a stockholder's derivative action on behalf of Gamble-Skogmo, Inc. ("Gamble"). Plaintiff must show under our statute that she was at least a beneficial owner of Skogmo's stock at the time of the wrongs of which she complains. Other provisions of the statute are admittedly inapplicable. See 8 *Del.C.* § 327. Plaintiff alleges that she was a beneficial owner at the crucial dates while the corporate defendants deny it. This is the decision thereon before trial.

The matter concerning plaintiff's status was submitted entirely on affidavits and answers to interrogatories. The parties agree that the material facts are undisputed. I proceed to state these facts and certain inferences therefrom.

The complaint alleges the diversion of certain corporate opportunities. The first (Rasco) took place in the period June to August 1951. The second opportunity (Western Tire) took place in the period between November 1952 and May 1953, leaving aside any question of a "continuing" transaction.

On June 27, 1950, plaintiff purchased 100 shares of Gamble stock on margin. She never "sold" such stock. At various times since that date plaintiff transferred her account and in such instances a certificate for 100 shares of Gamble stock was delivered by her old broker to her new broker. These various margin accounts were made pursuant to an agreement permitting the broker to pledge or sell them, and indeed did not require them to hold such stock. How-

ever, it is agreed that 100 shares were held at all times for plaintiff's account and were not pledged or sold.

The facts show that one of plaintiff's brokers took from January 21, to February 3, 1955, to make physical delivery to her new broker of the certificate for 100 shares of Gamble shares held for her account. However, during this period the brokerage firm which delayed delivery of the certificate was the registered holder of at least 100 shares of Gamble stock and still held them for Plaintiff's benefit.

I first dispose of defendants' contention that the delay in delivering the certificate between January 21, and February 3, 1955, constituted a "break" in plaintiff's stock ownership. I do not agree. Plaintiff still was beneficial owner during the period of delay and the shares were still registered on the books of Gamble. I find no break in beneficial ownership during this period based on the delay in making physical delivery of the certificates.

I turn next to defendants' principal contention. The question is whether plaintiff is a "stockholder" for purposes of the application of the pertinent statute. Defendants say she is not because under her margain account her brokers had no obligation to hold such stock and had the right to sell or repledge Gamble stock held for her account. I cannot see how such "rights" in the numerous brokers demonstrates that plaintiff was not a beneficial stockholder. I believe plaintiff is a stockholder for purposes of the statute when there is no showing that in fact no shares were held for plaintiff's account. Plaintiff's papers show undisputed statements by her brokers that at all times one or another of them held by transfer from her previous broker (except the first in 1950) 100 shares of Gamble for plaintiff's account. Certainly the pledge provision does not alter my conclusion.

Defendants' argument is based upon the premise that it is impossible to tell whether or not plaintiff "owns" any shares when they are in a margin account and not identified with a particular customer. This may be true. But where, as here, the broker is listed as the holder of the requisite number of shares and admittedly

holds them for the particular customer's account, it is difficult to see why such a customer is not a stockholder for purposes of applying the statute. I say this because the statute is aimed primarily at purchases made for the purpose of maintaining suits attacking transactions taking place prior to such purchases. See *Rosenthal v. Burry Biscuit Corp., 30 Del.Ch. 299, 60 A.2d 106.* Where a customer has at all times been the owner of stock and the broker in fact held shares for that account, it is difficult to see how anything more should be required to satisfy the policy reflected in the statute. After all, plaintiff made no purchase after the date of these transactions under attack.

Under the facts here shown, I conclude that plaintiff is a "stockholder" entitled to attack the transactions here involved. An interlocutory order may be presented on notice.