Max Eisenberg, on Behalf of Himself and All Other Stockholders of Central Zone Property Corporation, Similarly Situated, Appellant-Respondent, *v.* Central Zone Property Corporation, Respondent-Appellant, et al., Defendants. Joseph Cohen, Referee-Respondent.

Max Eisenberg, on Behalf of Himself and All Other Stockholders of Central Zone Property Corporation, Similarly Situated, Appellant-Respondent, *v.* Central Zone Realty, Inc., Respondent-Appellant, et al., Defendants. Joseph Cohen, Referee-Respondent.

First Department, March 29, 1956.

354

*Emil K. Ellis* of counsel (*Max Eisenberg* and *Jonas Ellis* with him on the brief; *Frank S. Samansky,* attorney), for appellants-respondents.

*Simon H. Rifkind* of counsel (*Bernard H. Greene* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for respondents-appellants.

*Joseph Cohen,* referee-respondent in person.

*Per Curiam.* In confirming the report of the Referee appointed by it, Special Term allowed plaintiff $25,000 for legal services rendered by him in connection with the prosecution of two derivative actions which he brought as a minority stockholder of the defendant corporation. Plaintiff appeals from the order on the grounds that the allowance was inadequate, that interest thereon should not be limited and that the condition of payment awaiting the outcome of the litigation was improper; defendant, on the ground that no allowance was justified.

The defendant real-estate corporation had proposed a plan of liquidation to dispose of its sole asset, a twenty-four-story loft building on East 45th Street, New York City, in such manner that the proceeds thereof would be subject to but one capital gains tax, by the device of transferring it to a Delaware corporation and in return having the entire stock held under a voting trust agreement, certificates of which would be issued to the stockholders in New York.

The legality of this proposal was challenged by the plaintiff in two actions which resulted in the Court of Appeals reversing this court, in effect holding the proposed transaction illegal because of noncompliance with section 20 of the Stock Corporation Law. (*Eisenberg* v. *Central Zone Property Corp.,* 306 N. Y. 58.)

These proceedings, instituted on papers indorsed with an attorney's name as attorney of record, were conducted by plaintiff himself up until the time of argument in the Court of Appeals

for which purpose he retained counsel. His application for compensation for services rendered by him was referred to a Referee whose report, thereafter confirmed, stated that no pecuniary benefit accrued to the defendant corporation, a finding which we confirm. Nevertheless, in reliance upon *Martin Foundation* v. *Phillips-Jones Corp.* (204 Misc. 120, mod. 283 App. Div. 729, affd. 306 N. Y. 972) the Referee recommended, and Special Term awarded, the amount of compensation in controversy here.

Generally, where a stockholder's action is successful and it is established that a pecuniary benefit to the corporation results, a stockholder is compensated for the moneys paid to his attorney but in no instance is the stockholder himself entitled to any separate compensation. (*Trustees* v. *Greenough,* 105 U. S. 527.) Here plaintiff's holdings consisted of only five shares of stock out of a total of 21,000 shares issued — less than one-fortieth of 1% of the entire issue. In such case, the interest of the stockholder being as limited as that of the plaintiff, considerable doubt is cast upon his good faith in instituting a stockholder's derivative action and where that interest is actually so minute that the result of the proceedings would confer an inconsequential benefit on him, the court is not inclined to award compensation for legal services rendered by a stockholder acting as his own attorney. There is a serious question in our mind, as a matter of public policy, whether a stockholder instituting a derivative action against a corporation should be allowed compensation as an attorney in the litigation. Certainly the institution of such actions and the undertaking of litigation for the purposes of seeking a counsel fee should not be encouraged.

In the instant case, however, counsel had been retained just prior to argument in the Court of Appeals. Because of this circumstance, the order of July 22, 1955, should be modified by fixing compensation for legal services in the amount of $5,000. Interest is fixed from the date of entry of the order of Special Term awarding compensation and the condition on payment is eliminated. As so modified the order should be affirmed, with costs to defendant-respondent-appellant. Settle order.

The appeal from the order of January 5, 1953, should be dismissed.

Peck, P. J., Botein, Rabin, Cox and Frank, JJ., concur.

Order of July 22, 1955, unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with costs to the defendant-respondent-appellant. Settle order on notice. Appeal from the order of January 5, 1953, unanimously dismissed.