GAMBLE-SKOGMO, INC., FOUNDERS, INCORPORATED, and ASSOCIATES, INC.,
Appellants,

*vs.*

JUDITH SAKS,
Appellee.

*Supreme Court, On Appeal, April 18, 1956.*

504

*Ernest S. Wilson, Jr.,* of Morford & Bennethum, Wilmington, for appellants.

*William S. Potter* and *James L. Latchum* of Berl, Potter & Anderson, Wilmington, and *Leonard I. Schreiber* and *Sidney L. Garwin,* New York City, for appellee.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

SOUTHERLAND, Chief Justice: The question in this case is whether the owner of stock held in a margin account and repledged by the broker is, under the provisions of the margin agreement between them, an equitable stockholder entitled to maintain a stockholder's derivative suit.

The suit below is brought by plaintiff below, in right of the corporation, to remedy alleged wrongs. Defendants challenged her right to sue on the ground that she is not a stockholder within the meaning of 8 *Del.C.* § 327, which provides in part as follows:

> "In any derivative suit instituted by a stockholder of a corporation organized under the laws of this State, it shall be averred in the complaint that the plaintiff was a stockholder of the corporation at the time of the transaction of which he complains * * *".

The facts are these:

Plaintiff below on June 27, 1950 bought 100 shares of the common stock of Gamble-Skogmo, Inc., a Delaware corporation, through H. C. Wainwright & Co., New York stock brokers. The purchase was "cleared" through another stock broker, Carl M. Loeb, Rhoades & Co. Thereafter the shares were held by Rhoades for Wainwright's account until December 17, 1952, when they were transferred to a margin account for plaintiff. Thereafter plaintiff from time to time transferred her account to other brokers. At all times up to the present the stock has been held for the plaintiff in successive brokers' accounts, presumably in street names.

In *Rosenthal v. Burry Biscuit Corp., 30 Del.Ch. 299, 60 A.2d 106,* the Court of Chancery held that an equitable stockholder could maintain a stockholder's derivative suit. We do not understand defendants to assail the correctness of this holding; at all events, we are in accord with it. We gather, also, that defendants concede that under the Rosenthal case a stockholder whose stock is held on margin under the usual contract with the broker permitting the broker to repledge the shares is an equitable stockholder. This is obviously so, since the customer has the right at any time to pay his loan and receive a certificate evidencing legal ownership. But defendants contend that in this case the broker's contract was an unusual one, and that the general rule is not applicable.

The pertinent language of the customer's agreement involved here is as follows:

"3. All securities and other property which may at any time be held by you for me, for any purpose whatever, including safe-keeping, shall be security for, and may be applied upon, my indebtedness to you. All securities and other property held on margin may be held in your name or in such other name as you may choose, and may at any time, without notice to me, be loaned, pledged, repledged, hypothecated or rehypothecated by you, to yourselves as brokers, or to others, either separately or with additional securities and other property for any sum, irrespective of the amount of my indebtedness to you, *without retaining in*

*your possession or under your control for delivery securities and other property of like kind and amount.*" [Italics supplied.]

Defendants say the italicized language does more than authorize the broker to repledge the stock; it has the effect, they say, of divorcing the repledging broker of any control over the shares, and of relieving him of any liability to deliver the stock to plaintiff upon payment of her loan. Defendants point to other forms of customers' agreements with other brokers that do not contain the clause italicized above. The result, say defendants, is that upon the repledge of plaintiff's shares by Wainwright, plaintiff had no equitable or other interest in any stock of Gamble-Skogmo, Inc.; she had merely a right to demand from Wainwright any profit that might accrue to her from an increase in the value of the shares. The transaction with Wainwright, say defendants, was little more than a wager on the fluctuations in value of Gamble-Skogmo stock.

We think that there is no substance in this contention. The purpose of the underlined language in the plaintiff's agreement is merely to make it clear that upon a repledge of the stock the broker need not carry in his own account other shares of like kind and amount. It only makes explicit what is implicit in every customer's agreement of this kind—the right of the broker to repledge stock held on margin without buying other stock to replace it. We say such a right is implicit in the right to repledge, because there would be no advantage in rehypothecating the stock to obtain funds to finance the purchase if the broker had to invest other funds in replacing the stock repledged.

The supposed distinction between the Wainwright agreement and what is called the ordinary or usual customers' agreement does not exist. Hence the argument based upon it falls.

We may add that we find it somewhat difficult to believe that any form of customers' margin agreement with a member of the New York Stock Exchange would be designed to relieve the broker from his duty to deliver stock to his customer on payment of the customer's loan, or would permit a purchase of stock to be converted into a wagering transaction. Certainly, in our opinion, this agreement does not do so.

Defendants say that plaintiff has the burden of proof to show that under the statute she is a stockholder. We think that by the showing made she has sustained that burden.

We are in accord with the Chancellor's opinion upon the matter, and the order of the Court of Chancery is affirmed.