Owe® McGtveb®, J.
Plaintiff moves for an order fixing a reasonable counsel fee and directing reimbursement of costs' and expenses assessed against and. incurred by her and her attorney in. a stockholders’ derivative action against the respondent.
Respondent cross-moves, pursuant to rules 106 and 107, for an order dismissing the petition on the ground that the petition does not state facts sufficient to constitute a cause of action as against respondent? that the court does1 not have jurisdiction over the subject matter on the ground that there is an existing determination which is binding upon, the parties herein.
The complaint was dismissed, with costs, for failure to proceed to trial pursuant to direction.
Respondent is a real estate corporation, its principal asset being a building at- 295 Fifth Avenue. Plaintiff owns 156 shares of the common stock. George Backer, Inc., owned 66,725- shares of the 111,503 shares of Class A Common, Class B and Preferred Stock.
The respondent, in- September, 1955, caused a- notice of a special meeting to be sent- to its stockholders, advising them of a proposed plan of dissolution and liquidation of respondent, together with, a conveyance of its principal asset to George Backer, Inc. The letter stated, among* other things, that Backer, sometime before, had offered to purchase the premises for $6,000,000 all cash, that respondent’s directors’ had employed two well-known appraisers who had appraised the property for $6,150,000 and $6,300,000; that while awaiting the appraisals, an unsolicited offer from a real estate broker had been received in the sum of $6,500,000; that another broker indicated that in his- opinion the property could be sold for $6,700,000 ? that by reason of the ownership of more than one third of the corpora^ tion’s voting stock, the Backer interests were in a position to prevent the sale of the property except on terms or to a purchaser who met with their approval; that the Backer interests *1020 informed the directors that they would not vote in favor of a sale to any purchaser other than themselves; that after discussion with the respondent’s directors, ■ the Backer interests modified their offer to $6,500,000, subject to a brokerage commission of $74,750. Said letter to the stockholders also stated that the George Backer, Inc. offer was conditioned upon a ruling from the Treasury Department, satisfactory to counsel for the corporation, concerning the tax consequences of the corporation in the event the proposed sale should have occurred prior to closing.
At a special meeting called to vote on the plan, approval eventuated despite the objection of petitioner and other stockholders. A total of only 1,461 votes out of 71,061 votes cast voted against the resolution.
Petitioner commenced an action to enjoin the implementation of the plan and moved for a temporary injunction. This was denied, and the case set for trial on the Ready Day Calendar for December 2,1955. Plaintiff opposed the provision directing a trial, obtained short adjournments, and when the court refused another adjournment withdrew from further participation in the proceeding. The complaint was dismissed on defendant’s motion, ‘ ‘ the plaintiff having then refused to proceed with the trial although directed so to do.” A subsequent motion to vacate the judgment that had been entered, was denied. Seven notices of appeal were served by plaintiff.
In January of 1956 respondent notified its stockholders that the closing was being adjourned due to its failure to receive the tax ruling.
In February, 1956, petitioner’s attorney wrote to the United States Treasury Department, advising them of the suit against respondent and its then status. Petitioner contends that this letter was a substantial contributing factor to the refusal of the Treasury Department to issue a ruling, the reason given by respondent for its abandonment of the plan.
Being advised by the Treasury Department that the tax consequences of the proposed transactions were not free from doubt, and that the required ruling would not be issued, respondent by letter to its stockholders dated June 15, 1956, advised the stockholders that since the ruling would not be issued, the proposed sale would not take place.
Thereafter, respondent made seven motions to dismiss the appeals in the Appellate Division; they were granted, with $10 costs on each motion (3 A D 2d 820).
Petitioner contends that the abandoned plan was prima facie illegal and oppressive, and that petitioner’s suit to enjoin same *1021 was beneficial to respondent and is accordingly entitled to costs, expenses and fees incurred in the suit. It is also asserted that the benefit to the corporation need not be pecuniary.
Among the cases cited in support of petitioner’s position are Abrams v. Textile Realty Corp. (97 N. Y. S. 2d 492) and Martin Foundation v. Phillips-Jones Corp. (283 App. Div. 729).
In the Abrams case (supra) the Referee to hear and determine filed a decision in favor of the plaintiff and directed that a judgment of injunction be entered. In this proceeding, the action was dismissed.
In the Martin Foundation case (supra) the Official Referee concluded that the defendant would have been able to control the action at the meeting of the stockholders when the proposed contracts were to be submitted, which conclusion the Appellate Division held was warranted. In other words, fees were allowed in these instances where plaintiff was successful, and where there were findings that the action taken resulted in some benefit to the corporation, even though no pecuniary benefit was derived by the corporation. With these conclusions, the court agrees.
However, the facts in this case are different. The suit instituted was dismissed. The plan proposed, approved by the great majority of the stockholders had a condition attached thereto, namely, a favorable ruling from the Treasury Department. When such a ruling was not forthcoming, the offeror withdrew its offer to purchase, and the stockholders were notified of such withdrawal. To hold that the letter written by petitioner’s attorney to the Treasury Department resulted in its refusal to give the desired ruling would be mere surmise and conjecture.
Prom all the facts presented it is the view of this court that it cannot be said that the institution of the suit in question was of benefit to the corporation. Nor can it be said that the acts complained of were wrongful or illegal, fraudulent, or not made in good faith. (Cf. Nemerov v. Empire Power Corp., 269 App. Div. 989.)
Nor can any inference bo drawn by the withdrawal of the proposed transaction from consideration by the respondent corporation, because of petitioner’s pending appeals; nor can it be inferred that petitioner’s pending appeals were the motivation for such withdrawal, since the corporation had stated in its letter to the stockholders that such proposal was conditioned upon receipt of a tax ruling.
Accordingly, the application is in all respects denied and the cross motion granted.