JUDITH SAKS,
Plaintiff,

*vs.*

BERTIN C. GAMBLE, FOUNDERS INCORPORATED, ASSOCIATES, INC., and GAMBLE-SKOGMO, INC.,
Defendants.

*New Castle, November 19, 1958.*

*William S. Potter* and *James L. Latchum,* of Berl, Potter & Anderson, Wilmington, and *Sidney L. Garwin* and *Leonard L. Schrieber,* New York City, for plaintiff.

*Alexander L. Nichols,* of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants.

SEITZ, Chancellor: This is indeed a strange case. Plaintiff, a stockholder of the corporate defendant, Gamble-Skogmo, Inc. ("Skogmo"), filed a stockholders' derivative action against Gamble and various other defendants. The complaint filed on May 11, 1954, contained three causes of action. On June 22, 1954, defendants filed answers putting the three causes in issue. Shortly thereafter defendants raised the separate issue as to the plaintiff's status to maintain the action on the grounds that she was not a stockholder at the time the alleged wrongs took place.

Plaintiff's discovery concerning the merits was, on defendants' application, stayed pending a determination of plaintiff's status. Plaintiff's right to maintain the action was upheld by this court and affirmed on appeal. Thereafter plaintiff commenced discovery by way of a motion for production. This ran into considerable and prolonged difficulties due in large part to the inexcusable actions of defendants or their then counsel.

At some stage the plaintiff concluded not to press the first cause of action. It is not entirely clear whether this was because she determined there was no merit to it or felt that any recovery would be negligible. The reason is not important here.

The second and third causes of action were based upon alleged diversions of corporate opportunities. These causes were admittedly and necessarily predicated upon the assumption that the corporate defendant, Skogmo, was not the owner of the common stock of another corporate defendant, Associates, Inc. ("Associates"). Plaintiff finally was able to inspect many of the records of various defendants. The inspection did not reveal the owner of the Associates' common stock. Plaintiff then served interrogatories upon Associates and Skogmo. The defendants obtained a substantial extension of time by stipulations to answer them. Associates was asked, inter alia, to state who was at that time the equitable or beneficial owner of its common stock. Its answer was that it did not have that information. This was the answer of a corporation which admittedly has always been completely dominated and controlled by Skogmo. Finally, in answer to an interrogatory Skogmo advised plaintiff for the first time that Skogmo was the beneficial owner of all of Associates' common stock. Thus, if proved, admittedly rendered the second and third causes of action moot. The parties thereafter filed cross motions for summary judgment with respect to the second and third causes and the court denied both motions.

Plaintiff subsequently moved to dismiss the complaint and also filed an application for attorneys' fees. The motion to dismiss was put aside pending a hearing upon the right of plaintiff to obtain compensation for her attorneys and accountants.

Defendants deny that plaintiff's attorneys and accountants are entitled to any compensation. They contend that if the court reaches a contrary conclusion then the compensation must be nominal because of the fact that the Associates' common stock admittedly has no book value. Thus they say plaintiff's actions conferred no real benefit upon Skogmo. This is the decision after final hearing.

Is plaintiff entitled to have the defendant, Skogmo, reimburse her attorneys and accountants in this action? Plaintiff contends that it is far from clear that Skogmo has in fact at all times owned the common stock of Associates. Therefore, she says, the forcing of Skogmo to admit its ownership of Associates' common stock was of real benefit

to the corporation and its stockholders; it constituting control of Associates. Associates in turn owned all the common stock of Western Tire Auto Stores, Inc. ("Western") which had a book value of approximately $1,360,000 in June 1957. Admittedly, Associates' common then was "under water." Incidentally Skogmo also owned Associates' preferred stock and thus control of the common was of some value in protecting the preferred investment.

Defendants say that Skogmo always owned the Associates' common stock and therefore the action did not constitute any benefit to the corporation. They say, in effect, had you asked us at the outset, we would have told you so.

It is fair to say that in its public disclosures Skogmo deliberately adopted and followed a practice of non-disclosure of its ownership of the common stock of Associates. Defendants admit this practice and state that it was adopted in order to circumvent the terms of an outstanding loan agreement and also because of a desire to prevent disclosure to Associates' foreign customers that it was a subsidiary of Skogmo.

There is substantial doubt as to whether the explanations given by defendants bear analysis under the facts as developed. But, assuming they are true, the fact remains that the corporation thereby deceived its own stockholders whether they be considered sophisticated or not. Certainly, so far as appeared from available records, and from any reasonable analysis thereof, Skogmo did not own the common stock of Associates. I need not consider whether defendants' practices squared with the requirements of public authority.

I therefore conclude that at the time plaintiff commenced the action she was not unreasonable in assuming that Skogmo did not own Associates' common stock.

Moreover, it is not denied that there is no corporate record reflecting Skogmo's ownership of the Associates' common stock. This is, in my opinion, contrary to the duty required of the corporate officers to keep complete and accurate books of account. Compare 5 Fletcher, Cyc. of Corps. (Perm. Ed.), §§ 2188, 2189. Thus, there is nothing

in the corporate records to show any payment for the shares (albeit, a small amount) or to explicitly identify the shares as an investment even of nominal value. Defendants are at a loss to explain these omissions.

Defendants' proof showed that Skogmo paid for the incorporation of Associates and that Skogmo has dominated its affairs and that the stock certificates have always been in Skogmo's vault. These are of course factors tending to "prove" ownership. However, the certificates have never been in Skogmo's name but in the names of some nominees. Moreover, the certificates are accompanied by a blank stock power. Passing over the business propriety of this practice, it may be noted that there is real evidence tending to show that the certificates were held in a way which could have resulted in their being involved in a real dispute as to ownership.

Skogmo's ownership of Associates' common stock was admittedly a complete answer to plaintiff's second and third causes of action. Yet, strangely enough, no such defense was asserted in the answer of either Skogmo or Associates although their answers were filed soon after the complaint. They say they were not required to assert affirmative matter. In contrast, they did see fit in their answers in one case to make affirmative allegations concerning the preferred stock of Associates. Certainly the fact of the ownership of Associates' common stock was a more important consideration.

It is true that in connection with the filing of the defendants' answers, the Vice President and general counsel of Skogmo stated in a letter to its then local counsel (not present counsel) that Skogmo owned Associates' common. However, this was never brought to plaintiff's attention and thus the non-disclosure pattern continued. Skogmo's general counsel tacitly approved the omission.

In order to resolve the issue of plaintiff's status, defendants obtained a stay of discovery which lasted for some two years. While this of course was a proper defense, the stay did delay the ultimate ascertainment of the defense by Skogmo that it owned the common stock of Associates. Had plaintiff known that Skogmo had a complete defense on the merits the work concerning plaintiff's status might have been

avoided, particularly if discovery concerning all three causes had gone forward.

Defendants say that had plaintiff served interrogatories upon them immediately after filing the action they would have found that Skogmo owned the common stock of Associates. This might or might not have been so in view of the record here made. In any event, I am satisfied that plaintiff was entitled to rely upon appearances and the appearance even from the records which were produced did not show any basis to alter plaintiff's reasonable assumption that Skogmo did not own Associates' common stock.

My overall conclusion is that Skogmo, assuming that it always owned Associates' common stock, engaged in conduct which justified the filing of this action and justified its continued prosecution until the interrogatories were answered by Skogmo disclosing that it owned Associates' common stock. I find it unnecessary to decide whether in fact there was doubt about this ownership. However, it does stand undisputed that for the first time the matter has been removed from the area of possible substantial doubt. This is a benefit to the corporation.

I therefore conclude that plaintiff is entitled to reimbursement for her attorneys and accountants for the benefit conferred.

Plaintiff asks for attorneys' fees of $100,000 and accountants' fees of $12,000. Plaintiff's attorneys spent almost 1,500 hours and the accountants about 400 hours. Although, plaintiff's testimony tends to suggest that very little of this time was spent in connection with the admittedly meritless first cause of action, I think it reasonable, in view of its complexity and the kinds of work done, to attribute a substantial amount of time of plaintiff's attorneys and accountants to that cause. This factor will be considered as reducing the amount of the compensable services.

It is admitted that had the second and third causes of action been tried and a final judgment been rendered in support of plaintiff's claim, the problem of ascertaining the benefit to Skogmo would have been most difficult. This is so because there is no known fair market

price for the Associates' common stock; it being without book value. However, it constitutes control of a corporation (Western) which has a substantial book value (worth over $1,000,000). Thus, the Associates' common is valuable although without book value. The other value factor involved the fixture lease-back arrangement which was attacked in the third cause of action. It was cancelled shortly after the suit was commenced. I shall assume that such cancellation was not connected with the filing of the action. However, it did reasonably appear to plaintiff in a different light prior to the disclosure of Skogmo's ownership of Associates' common stock. Thus, it is a plus factor in connection with the present application.

I conclude that the benefit which was conferred upon Skogmo by this action cannot be directly measured in dollars and cents. However, I am satisfied that it was of sufficient value to justify the allowance of reasonable fees.

I have considered the number of hours the plaintiff's counsel and accountants labored on a contingent fee basis. However, I note that a substantial amount of time was spent in establishing plaintiff's stock ownership. Part of the time spent on this matter was no fault of defendants; the plaintiff's complex brokerage transactions being responsible. See *Saks v. Gamble,* 35 *Del.Ch.* 378, 118 *A.2d* 793, affirmed, 35 *Del.Ch.* 503, 122 *A.2d* 120. I have also taken into consideration the difficult valuation problem presented by the ownership of Associates' common. I have in mind that the matter never came to trial on the merits. Finally, I have evaluated the overall situation presented by this record. Based upon these facts I conclude that plaintiff is entitled to have her attorneys paid the sum of $20,000 and her accountants the sum of $5,000.

Present order on notice.