155 A.2d 238 (1959)
Maurice COYNE et al., Petitioners and Plaintiffs in Civil Action No. 1042 Below, Appellants,
Caryl M. Curtis, Petitioner in Civil Action No. 1040 Below,
v.
SCHENLEY INDUSTRIES, INC., a corporation of the State of Delaware, Respondent and Defendant Below, Appellee.
Supreme Court of Delaware.
November 10, 1959.
H. James Conaway, Jr., of Morford, Young & Conaway, Wilmington, for appellants.
Aaron Finger, of Richards, Layton & Finger, Wilmington, for appellee.
SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.
*239 SOUTHERLAND, Chief Justice.
The question presented is whether after a merger an unregistered stockholder of a constituent corporation is entitled to appraisal rights under the applicable provisions of the General Corporation Law, 8 Del.C. § 101 et seq.
Prior to March 26, 1958, Schenley Industries, Inc., a Delaware corporation, was the owner of about 96% of the outstanding shares of stock of Park & Tilford Distillers Corporation, another Delaware corporation. On that date Park was merged into Schenley by resolution of Schenley's board of directors, adopted pursuant to Section 253 of the General Corporation Law  the so-called "short-merger" statute.
In conformity with the statute Schenley mailed to the Park minority stockholders of record a notice that the merger had been accomplished. Appellant Maurice Coyne was the equitable owner of 700 shares of Park, 600 of which were registered in the name of L. F. Rothschild & Co., 50 in the name of E. F. Hutton & Co., and 50 in the name of Abraham Shapiro. Appellant Maximilian A. Coyne was the equitable owner of 100 shares of Park, registered in the name of Francis I. du Pont & Co.
On April 21, 1958, Maurice Coyne, Maximilian A. Coyne and L. F. Rothschild & Co., served upon Schenley and upon Park objections in writing to the merger and demanded payment for their stock.
The nominees Hutton & Co., Shapiro and Francis I. du Pont & Co. filed no objections.
The Coynes and Schenley having failed to agree upon the amounts to be paid for the shares, the Coynes and Rothschild & Co. on September 20, 1958, filed a petition under Section 253(e) and Section 262 for the appointment of an appraiser to determine the value of their shares.
Appellant Maurice Coyne filed a claim based on 700 shares of Park, in which Rothschild & Co. joined. Appellant Maximilian A. Coyne filed a claim based on 100 shares of Park.
Schenley made no objection to the claim of Rothschild & Co. in respect of the 600 shares standing in its name. It objected, however, to the claim of Maurice Coyne in respect of his remaining 100 shares and to the claim of Maximilian A. Coyne in respect of his 100 shares.
The Chancellor sustained the objections. The Coynes appeal.
Only one question is presented. Is the instant case ruled by the decision of the Supreme Court in Salt Dome Oil Corp. v. Schenck, 1945, 28 Del.Ch. 433, 41 A.2d 583, 586, 158 A.L.R. 975? In that case it was squarely held that an unregistered stockholder was not a "stockholder" within the meaning of Section 61 (now Section 262), and hence not entitled to object to a merger or to demand appraisal of his shares. After a thorough analysis of the Delaware corporation law and the Delaware decisions the court reached the conclusion that an unregistered holder of stock is not a "stockholder" entitled to intervene in intracorporate matters unless that status is given him expressly or by unavoidable intendment.
This decision appears to put the appellants out of court. But counsel earnestly contend that the Salt Dome case is no longer applicable because of the 1943 amendments to Section 61 (now Section 262) of the General Corporation Law. 44 Del.L. c. 125. The argument is this:
The ratio decidendi of the Salt Dome case was that a stockholder who demanded appraisal under the then Section 61 was pursuing a legal remedy to enforce a legal right. The Court said:
"* * * nor does the question relate to the status of an equitable owner of the stock, in a court of equity, in pursuit of an equitable remedy."
Moreover, the Court in the Salt Dome decision pointed out that the Court of *240 Chancery under Section 61 had very little to do with the appraisal, had no control over the appraisers, and had no power to enforce the award.
Since the 1943 amendments, however (appellants argue), the stockholder seeking appraisal is given an equitable remedy to enforce his claim in the Court of Chancery. The proceeding in chancery is now a class suit in equity (Southern Production Co. v. Sabath, 32 Del.Ch. 497, 87 A.2d 128), and the Chancellor should and must recognize equitable rights in administering that remedy. The Salt Dome case, say appellants, should be deemed to be "reversed" (i. e. rendered inapplicable) by the 1943 amendments, and the status of equitable stockholders should be recognized under Section 61, as it has been in other suits in equity; citing Chadwick v. Parkhill Corp., 16 Del.Ch. 105, 141 A. 823; Rosenthal v. Burry Biscuit Corp., 30 Del. Ch. 299, 60 A.2d 106; Gamble-Skogmo, Inc., v. Saks, Del., 122 A.2d 120.
The essential error in this reasoning is in its major premise. The ratio decidendi of the Salt Dome decision is not the distinction between a legal and an equitable remedy; this point is an incidental one. The basic holding is that an unregistered stockholder is not entitled to inject himself into intracorporate matters, in respect of which the corporation is entitled to rely on its stock register in dealing with its stockholders.
In the Salt Dome opinion the Court says that the right of an unregistered stockholder to object must be looked for in the statute, and that neither in Section 59 nor in Section 61 is there any indication that "stockholder" means an unregistered stockholder. Thus notice under Section 59 is required to be sent to the registered stockholder. (The notice under Section 253 is likewise required to be so sent.) The Court says also:
"The right to notice of corporate meetings and proposals, to attend and vote at meetings for the election of directors and on other matters submitted, to inspect the corporate books and records, and to participate in dividends and profits and in the net assets of the corporation on dissolution, are the most material rights incident to stock ownership. Other rights are for the most part incidental. None of these rights which in their totality constitute dominion is exercisable directly by the non-registered transferee of stock."
The Court observed that a non-registered stockholder always had it in his power to record the transfer of his shares, and hence is not deprived of any essential right if the corporation looks to the corporate books as sole evidence of membership. The opinion concludes:
"To hold that one who does not possess the essential rights incident to stock ownership is, nevertheless, a stockholder as against the corporation, and, as such entitled to interject himself in matters of internal management, is to disregard essential verities and must lead to unnecessary confusion."
Appellants' attempt to show that the decision in the Salt Dome case turns on the difference between a legal and an equitable remedy therefore fails. The basic reasoning of the decision and its conclusion are unaffected by the changes in remedy embodied in the 1943 amendments.
Appellants make a subsidiary contention that in any event the Salt Dome opinion does not apply to equitable stockholders in cases of short mergers under Section 253. They point to some language in the opinion to the effect that in a merger it is especially important that the corporation and their stockholders know who the objecting stockholders are so that the amount of money to be paid to them may be provided. Under Section 253, say appellants, the corporation already has the knowledge of the greatest possible extent of dissent; therefore, they *241 say, the reasoning of Salt Dome is inapplicable to the instant case.
Once again, appellants have seized upon an incidental point in the development of the reasoning in the Salt Dome case, and ignore the basic holding. As above stated, the essential point decided is that "stockholder" as used in Section 59 (now Section 251) and Section 61 (now Section 262) means stockholder of record. This holding, we repeat, is unaffected by the 1943 amendments.
Moreover, we cannot understand appellants' emphasis on special circumstances attending short mergers. Appellants seem to suggest that even if "stockholder" in Sections 251 and 262 means stockholder of record only, yet in Section 253 it means both registered and unregistered stockholders. Such a result is wholly unreasonable. Obviously, the word is used in the same sense in all three sections.
Appellants' contention in this case has the merit of ingenuity; but we find no substance in it. The Salt Dome decision applies.
The order of the Court of Chancery is affirmed.