174 A.2d 696 (1961)
Sol A. DANN, Karl S. Horvath, Samuel S. Schwartzberg, Julius R. Reiver, lona P. Reiver, Ann Gelbard and Robert Markewich, Plaintiffs,
v.
CHRYSLER CORPORATION, a corporation of the State of Delaware, et al., Defendants.
Court of Chancery of Delaware, New Castle.
October 3, 1961.
*698 Daniel O. Hastings, Clarence W. Taylor, and Russell J. Willard, Jr., of Hastings, Taylor & Willard, Wilmington, Lewis M. Dabney, Jr., New York City, and Dann, Rosenbaum & Bloom, Detroit, Mich., for plaintiffs.
Richard F. Corroon, of Berl, Potter & Anderson, Wilmington, for defendants Brady, Dodge, Jones, Love, McCollum, McElroy, McNeill, Page, Trippe and Warren.
James M. Tunnell, Jr., and S. Samuel Arsht, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants Colbert, Jacobson, Leary, Misch, Quinn, Row, Townsend, and Woolson.
Daniel L. Herrmann, of Herrmann, Bayard, Brill & Gallagher, Wilmington, for defendants Ackerman, Bright and Laughna.
Aaron Finger and Robert H. Richards, Jr., of Richards, Layton & Finger, Wilmington, for defendant Chrysler Corp.
Clair John Killoran and Clyde England, of Killoran & VanBrunt, Wilmington, for defendants K. T. Keller and Robert Keller.
Albert W. James, of Morris, James, Hitchens & Williams, Wilmington, for defendant Minor.
William Prickett, Jr., of Prickett & Prickett, Wilmington, for defendant W. C. Newberg.
John J. Morris, Jr., of Morris, James, Hitchens & Williams, Wilmington, for defendant Nafi.
The other defendants are not subject to this court's jurisdiction.
SEITZ, Chancellor.
This is a derivative action brought on behalf of Chrysler Corporation, a Delaware corporation, by certain of its shareholders. There are at present ninety-seven defendants some of whom were or are directors, officers, officials, or employees of the corporation. The balance of the defendants are firms supplying goods or services to Chrysler and certain persons connected with these companies who are accused of participating in frauds against the corporation.
Twenty-three of the defendants now move for a dismissal of the complaint or in the alternative for a more definite statement. One of these defendants, R. P. Laughna, has raised supplemental grounds for dismissing parts of the complaint as to him. Two other defendants, Robert T. Keller and K. T. Keller, in addition to moving separately for dismissal or in the alternative for a more definite statement, have moved for summary judgment. Defendants, Minor and Nafi, are not involved in any of the motions.
Before reaching its present form, the original complaint was amended three times. The complaint sets forth in eighteen numbered paragraphs general allegations of fraud and gross negligence on the part of "certain directors, officers, and officials" and participation therein by "certain suppliers of Chrysler and other persons or corporations". Under Paragraph 7 "all claims and allegations made * * * against individuals are made also against the members of the families, agents and business associates of such individuals." Plaintiffs have not specified which of the defendants fall within any of these respective categories. The wrongs complained of are alleged to have begun in 1941.
Plaintiffs' general allegations contained in the numbered paragraphs are followed by twenty-seven lettered claims A to Z and AA) which purport to particularize the wrongs with which defendants are charged. (There are also numerous sub-claims.) While defendants' objections to the numbered paragraphs challenge the complaint *699 as a whole, specific attack is also made on ten of these lettered claims.
I first turn to the motions to dismiss and for more definite statement raised by all the moving defendants. It can fairly be said that defendants do not challenge the complaint on the grounds that plaintiffs have failed to indicate legal principles upon which they might recover. Defendants instead attack the alleged lack of specificity in the complaint. In particular they contend that plaintiffs should be required to designate which of the defendants are chargeable with each of the alleged wrongs and to detail their acts of participation. Defendants also rely on Rule 9(b) which requires that the circumstances constituting fraud be particularized.
I shall first deal with certain other contentions made by defendants. Defendants urge that the court should here adopt the "Big Case" theory of pleading. As I understand it, plaintiffs would thereby be required to plead with more particularity than is otherwise required by the rules. Compare Baim & Blank, Inc. v. Warren-Connelly Co., D.C.S.D.N.Y., 19 F.R.D. 108. Defendants have not cited any Delaware authority for such an approach. Indeed, in the Second Circuit where this practice had previously found some favor the Court of Appeals subsequently rejected it. Nagler v. Admiral Corp., 2 Cir., 248 F.2d 319.
I conclude that the nature of this case does not call for a different pleading requirement.
Defendants also urge that Rule 10(b) requires that the claims be separately stated and numbered so that the particular wrong with which each defendant is charged will clearly appear. The fact is that the claims are separately stated and numbered. Actually defendants are complaining that the statement of each claim is not stated with sufficient particularity as to each defendant. That is another issue. There is no violation here of the requirements of Rule 10(b).
Defendants say that the complaint does not allege, as required by our statute and Rule 23(b), that plaintiffs were stockholders of Chrysler at the time of the transactions of which they complain. Plaintiffs allege that "A plaintiff herein has been a stockholder of Chrysler at all times during the wrongs complained of in this complaint." Defendants point out that under the language of the complaint it is possible that none of the plaintiffs has been a stockholder continuously since 1941 when the first wrong is alleged to have occurred. This is true. What is the consequence? Neither the statute (8 Del.C. § 327) nor the rule literally requires that the stockholder bringing a derivative action must allege that he owns the same stock which he owned at the time of the transaction of which he complains. Thus, there is no basis for defendants' objection at this stage.
I do think it implicit in the statute and rule that a stockholder-plaintiff must at the time he files his complaint have been the continuous owner of some of the stock held at the time of the alleged wrongful transaction. Compare Saks v. Gamble, 35 Del.Ch. 378, 118 A.2d 793, affirmed, 35 Del.Ch. 503, 122 A.2d 120. I do not understand that plaintiffs argue to the contrary. But such information need not appear in the complaint under the present wording of the statute and rule. Of course, such information can be obtained by discovery and used.
Defendants next contend that the complaint does not properly allege plaintiffs' efforts to secure from the directors of Chrysler such action as plaintiffs desire or plaintiffs' reasons for not making such effort. Rule 23(b) provided in pertinent part that:
"The complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees * * * such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort".
*700 Plaintiffs allege as follows:
"13. Demand by plaintiffs that the Board of Directors of Chrysler bring this action was futile because such directors have either approved or ratified the fraudulent schemes, acts and transactions herein complained of, or have participated in the fraudulent acts, or have acquiesced in the said acts, or have shared profits as a result of the said acts. For those reasons it would be useless to request defendants, or any of them, to bring this action for the relief herein sought."
Without prolonging the matter, I conclude that plaintiffs have at least alleged reasons for not making an effort to secure or demand action from the board. Plaintiffs charge all the board with being active or passive parties to the various alleged fraudulent schemes, etc. It is not normally to be expected that those charged with fraud or gross negligence would be amenable to a request that they take action against themselves.
I conclude that the motion to dismiss on the basis of Rule 23(b) should be denied.
I next consider defendants' attack on the sufficiency and definiteness of the complaint. Defendants contend that the complaint, to the extent it is based on fraud, fails to allege the "circumstances" with particularity as required by Chancery Rule 9(b). Plaintiffs point out that they rely on "constructive fraud" which they say is "found from the relationship of the parties and the transactions which occurred". I do not think the use of the word "constructive" rather than "actual" fraud alters the rule requirement that the "circumstances" be stated with particularity.
The principal objection raised by defendants is the lack of definiteness as to claims based on gross negligence and lack of particularity as to those based on fraud. Defendants say the plaintiffs should be required to set forth more specifically the periods of time involved in the particular claims and identify as best they can the particular defendants involved therein. Where fraud is the basis of the claim, the claims must have particularity sufficient to advise the charged defendant of the basis of the claim. Using the word "fraud" or its equivalent in any form is just not a substitute for the statement of sufficient facts to make the basis of the charge reasonably apparent.
The claims here, almost without exception, are lacking reasonable definiteness as to the parties involved in and the periods covered by the various claims. It is not sufficient just to make charges against "certain" directors, etc. Such claims must be made more definite in these areas although I will not require plaintiffs to go to the lengths urged by defendants. Thus they need not advise defendants of the terms of office of the various director and officer defendants. My subsequent "more specific" decisions as to particular paragraphs must be understood to be as to matters in addition to those covered in this determination. They are added to help guide plaintiffs' future course of drafting. In order to avoid undue prolixity I shall state my conclusions in staccato style.
Paragraph E  This claim attacks the giving of the Newberg release by Chrysler. Contrary to what defendants appear to think, we are not concerned with what the discovery to date has shown. We are dealing with the attack on the particularity of the claim. Basically, plaintiffs charge that the directors of Chrysler, who are themselves charged with other wrongs, negligently or fraudulently settled Chrysler's claims against Newberg for a grossly inadequate amount. To the extent the claim is based on negligence the requirement of Rule 9(b) is inapplicable. To the extent it is based on fraud, the question is whether it gives the other requisite particulars. Though encumbered with surplusage, I am satisfied that it complies with the rule. It charges in effect that the directors "set up" *701 this settlement in an attempt to divert attention from their own wrongs and to show a pretended "reform" to those interested in Chrysler.
Paragraph L as amended  To the extent these claims are based on gross negligence, Rule 9(b) does not apply. Preliminarily, the introductory language to the alleged specific wrongs is so "non-legal" that it is objectionable. Thus, to allege that the officers and directors should be called upon to justify and explain certain transactions is not to say anything legally in a stockholder's derivative action. Such language will be stricken with leave to amend.
Can the various transactions attacked under this paragraph be considered to state a claim or be considered sufficient pleadingwise? Defendants say not. After all the cases are read and the arguments considered, the court is still confronted with the necessity of reading the allegations in the setting and deciding whether they fairly communicate plaintiffs' claim to defendants. My conclusions are as follows:
(a) (1) Not sufficiently definite.
(2) Fails to state a claim.
(3) Fails to state a claim.
(b) Fails to state a claim.
(c) Not sufficiently definite.
(d) (6) Fails to state a claim.
(e) (2) Fails to state a claim.
(e) (3) Not sufficiently definite.
(e) (4) Not sufficiently definite.
(e) (5) Fails to state a claim.
(e) (6) Fails to state a claim.
(e) (7) Not sufficiently definite.
Paragraph M  This is an attack on the so-called Stone-Newberg deal. The complaint notes that Chrysler brought an action in Michigan presumably covering the matters attacked by plaintiffs. But plaintiffs allege "such action as was asserted is so pallid in the face of the actual damage to Chrysler here asserted as to cast doubt on the sincerity of management's said endeavor on behalf of the corporation." This language does not state a claim which would permit plaintiffs in effect to assert in this action the corporate cause of action now pending in Michigan.
Paragraph P  As I read defendants' brief they concede that the first two paragraphs state a claim. They attack the third and fourth paragraphs. Assuming plaintiffs charge gross negligence, I do not believe the complaint is sufficiently definite as to the knowledge possessed by the management concerning the Freedland Brothers, etc. at the time Chrysler made the arrangements to store steel. Contrary to plaintiffs' contention, reading the first two paragraphs with the latter two does not help. Indeed, they are separate claims.
Paragraphs Q and T  I believe these paragraphs are sufficient to charge gross negligence on the part of the Chryler management. Defendants' reliance upon the "business judgment" rule does not prevent the assertion of a claim based on gross negligence on the part of such officials.
Paragraphs R and S  These paragraphs fail to state a claim against defendants. None of the defendants is charged with any duty or responsibility which was neglected.
Paragraph U (3)  Not sufficiently definite. Who is charged and with what?
Paragraph Y  The introductory language mentions certain examples of waste and states that they give "rise to a strong inference that members of management are receiving payola and kickbacks." Once again, this is not a charge of wrongdoing in the legal sense. Plaintiffs must charge wrongs and with sufficient definiteness to permit defendants to know the nature of the claim against them. Assuming that the examples are claims based on gross negligence, they nevertheless fail to contain the requisite definiteness. Defendants' motion *702 to strike the introductory language will be granted. Defendants' motion for a more definite statement as to the subparagraphs will be granted.
Paragraph 7 alleges that all claims made against individuals are also made against members of the families, agents and associates of such individuals. Since people falling in those categories are not joined as defendants the motion to strike the paragraph will be granted in the interest of simplifying the complaint. We are not now concerned with the use of these people as "devices" for accomplishing the wrongs charged to the defendants.
In view of my decision that all the claims must be stated with more definiteness or particularity, it is admittedly not necessary to consider the additional arguments of the defendant Laughna.
I come now to the motions of the Keller defendants. In view of my general ruling as to the lack of definiteness of the complaint, it is unnecessary to consider the arguments of the Kellers along that line. The Kellers want the complaint drawn with sufficient definiteness to permit them to plead the statute of limitations. I do not believe plaintiffs need necessarily draw their complaint with such definiteness that defendants can argue that the statute of limitations is applicable on the basis of allegations of the complaint itself. Such may be the case at times but that is not necessarily a pleading requirement. After the plaintiffs have filed a proper complaint it will be in order for the Keller defendants to decide whether the statute is a defense based on the allegations of the complaint. The Keller defendants say, in any event, they are not liable for any transactions occurring after they left Chrysler in August 1957. The answer to this argument can be more intelligently resolved after plaintiffs file a complaint complying with the requirements of this opinion. The Kellers' motion for summary judgment will be denied without prejudice.
Present order on notice.