548 

JACOB S. RICHMAN,
Plaintiff,

*vs.*

DeVAL AERODYNAMICS, INC., a Delaware corporation, JOHN A. BALDINGER, JOSEPH F. CARRASCO, EDWARD SAWYER, GEORGE R. EULO and JOHN BELLO,
Defendants.

*New Castle, Nov. 23, 1962.*

*Irving Morris* and *Joseph Rosenthal* of Cohen & Morris, Wilmington, for plaintiff.

*Samuel Handloff,* Wilmington, and *Jacob S. Richman,* Philadelphia, Pa., for DeVal Aerodynamics.

SEITZ, Chancellor: Cohen and Morris, counsel for Jacob S. Richman, plaintiff in the above-named action, now petition this court for an award of reasonable compensation from the funds of DeVal Aerodynamics, Inc. ("DeVal") for their services in this litigation in behalf of Richman and all other stockholders similarly situated. DeVal resists the petition and urges (1) that this court is without jurisdiction to make such an award and (2) that plaintiff has acted solely in the interest of a certain limited group of stockholders and therefore has conferred no benefit either on the corporation itself or on the stockholders generally.

First, I am persuaded that such equitable jurisdiction as is here claimed is clearly recognized in *Maurer v. International Re-Insurance Corp.,* 33 *Del.Ch.* 456, 95 *A.2d* 827. Thus, in my view, the sole issue to be considered is whether under applicable principles of law plaintiff's attorneys are entitled to receive their compensation from the funds of the corporation.

In the complaint plaintiff alleged that the board of directors of DeVal was about to take certain steps which would bind the corporation prejudicially. Among these, the directors were said to be contemplating the granting of stock options to the corporation's key employees and the engaging of such persons' services for a period of two years. Also, the board was allegedly considering the lease or purchase of certain equipment then being used by DeVal.

Plaintiff also alleged that although a proper demand was made for the calling of a special stockholders' meeting under the By-laws of the corporation, DeVal's president refused to act in accordance therewith. The express purpose of the requested meeting was to amend the By-laws so as to enlarge the board and permit the stockholders to fill any seats thereby created. It was further intended that such election should take place at the special meeting. Subsequently, upon the court's finding that the request for a meeting had been properly subscribed by a majority of the stockholders, a decree was entered enjoining the board from taking the contemplated action and requiring the calling of a stockholders' meeting as demanded. See *Richman v. DeVal Aerodynamics, Inc., ante, p.* 389, 183 *A.2d* 569. This petition for an allowance of counsel fees then followed.

The corporation resists the petition on the ground that plaintiff's suit, though denominated a representative suit, was in reality brought solely for the personal benefit of a limited group of stockholders and was never intended to benefit either the corporation or the stockholders generally. This group is said by its actions merely to have accelerated the capture of control of DeVal in its own behalf prior to the regular stockholders' meeting. It is settled law in this jurisdiction that where a basis in law for recovery of fees is established, the characterization of a suit as derivative or representative is immaterial, the assets of the corporation being a fund belonging to the stockholders in common. *Mencher v. Sachs,* 39 *Del.Ch.* 366, 164 *A.2d* 320. The question that remains then is whether plaintiff by his suit conferred such benefits either on the corporation or the stockholders as will permit recovery of expenses from the corporation.

Recovery of expenses in such cases is predicated on the conferring of some benefit on the interested class and not merely on petitioner himself. Compare *Riddell v. Cascade Paper Company,* 56 *Wash.2d* 663, 355 *P.2d* 3. The benefit conferred must also be "substantial" in the sense that its value to the interested class is immediately discernible rather than speculative in character. *Bosch v. Meeker Cooperative Light & Power Ass'n,* 257 *Minn.* 362, 101 *N.W.2d* 423; *Schechtman v. Wolfson,* 2 *Cir.,* 244 *F.2d* 537. Thus, for example, in *Mencher v. Sachs,* 39 *Del.Ch.* 366, 164 *A.2d* 320, the

Supreme Court of Delaware expressed doubt whether counsel fees incurred in a summary election proceeding were recoverable by petitioner. Nevertheless, in order for a benefit to be substantial it need not involve the recovery of property or prevention of a dissipation of assets. Compare *Saks v. Gamble*, 38 *Del.Ch.* 504, 154 *A.2d 767*; *Abrams v. Textile Realty Corp., Sup.*, 97 *N.Y.S.2d* 492.

■ Petitioners contend that even if plaintiff's suit at bottom involved a dispute between two factions of stockholders, it was "not a direct action because the litigation effectuates corporate action involving the whole body of stockholders of the subject corporation." Apparently, what petitioners are contending is that wherever a legal suit is successful in permitting the whole body of stockholders to take some "corporate action," then the suit itself must be characterized as a class action and the corporation charged with the costs of the litigation. While petitioners' contention in this regard may overstate the applicable rule, nevertheless under the circumstances of the present case I am of the opinion that petitioners have demonstrated such benefits to the stockholders as warrant recovery of their fees from DeVal.

Prior to commencement of the present suit certain of DeVal's stockholders became dissatisfied with the management of the corporation and having secured the cooperation of the holders of a majority of the stock caused a demand to be made on DeVal's president for the calling of the special stockholders' meeting. The evident purpose of the meeting was to seize control from the existing board. Subsequently, the request of the stockholders was refused, and shortly thereafter "management" noticed a special directors' meeting for the purpose, inter alia, of taking action on the matters mentioned above. In order to prevent the consummation by the board of such commitments prior to the taking of the intended action by the stockholders, plaintiff instituted the present suit. Although the reported opinion in this case dealt only with the request to order the president to call a stockholders' meeting, the final judgment enjoined DeVal's board of directors from carrying out the contemplated actions which might have proved binding on the corporation and which the holders of at least a majority of the stock apparently thought unwise. Compare

552 

*Martin Foundation, Inc. v. Phillips-Jones Corporation,* 283 *App.Div.*
729, 127 *N.Y.S.2d* 649, *aff'd.,* 306 *N.Y.* 972, 120 *N.E.2d* 230. Thus,
this is not a case involving solely a demand for the calling of a stock-
holders' meeting. It also embraced an attack on proposed action by
the directors which at least a majority in interest of the stockholders
considered to be detrimental to the corporation generally. Compare
*Mencher v. Sachs,* above.

I conclude therefore that the fees which petitioners claim were
earned in a litigation designed to protect rights which belonged to
the class of which plaintiff was a member and further, that the bene-
fits accruing to that class were such as to require, in equity, payment
by the class as a whole. Plaintiff's counsel will therefore be awarded
from DeVal a fee of $5,000. plus disbursements.

Present order on notice.