IN THE MATTER OF METROPOLITAN ROYALTY CORPORATION, a corporation of the State of Delaware—Petition of WILLIAM LEARY and PAUL J. MARTIN, stockholders in the above named corporation.

(*December* 28, 1948.)

LAYTON, J., sitting

*Clair J. Killoran* (of Killoran and VanBrunt) for Claimants.

*Henry M. Canby* (of Richards, Layton and Finger) for Defendant.

Superior Court for New Castle County, Civil Action No. 578, 1948.

LAYTON, J.

The burden is upon the petitioner to establish with reasonable certainty that the certificates were owned by him and that they had become lost or destroyed. The fact that the corporate defendant will be adequately protected by the indemnity provisions of the statute in no sense lessens the burden of proof which, I conceive, is cast upon petitioner by the statute. Otherwise, it would be assumed that the statute would have provided for the issuance of the new certificates as a matter of right as soon as claimant had complied with the indemnity provisions by giving adequate bond. *In re Biglin v. Friendship Association*, 46 *Hun, N. Y.*, 223.

I am not satisfied that claimants have established that the certificates were owned by Palmer & Co. at the

time of its bankruptcy in December, 1931. The only evidence directed to that point is that of Martin, an interested witness, whose memory in all other respects was extremely vague. Furthermore, Martin left the firm seven or eight months before the close of its business and could not testify that the certificates were not transferred thereafter. Not being a partner and not explaining how he knew, or remembered the fact for 20 years, I am not impressed with Martin's testimony that these particular shares were being retained by the firm for investment purposes. Having been acquired by virtue of an underwriting the probabilities were that they were for immediate resale to customers although it may be conceded that it is possible that the firm desired their retention for purposes of partnership profit. An important consideration is the fact that the bankruptcy schedules sworn to by all the partners failed to reflect that Palmer & Co. owned any shares of Metropolitan stock on or about December 9, 1931.

Nor can I ignore the fact that if the partnership did own this stock on the date of bankruptcy, independent, and presumably, competent, accountants for the Receiver in Bankruptcy, in preparing these schedules, completely overlooked the existence of these shares on the partnership books where the firm's ownership thereof must have been clearly reflected. Leary's statement that the certificates may have been stolen is unacceptable in view of the fact that the thief could hardly have both removed the certificates from the vaults and also the entries reflecting their ownership by the firm from the partnership books.

Finally, claimant's argument that the certificates, having not been presented for transfer for nearly 20 years, is almost conclusive evidence, not only of ownership by Palmer & Co., but also of loss or destruction does not necessarily follow. In fact, since the filing of the pe-

tition one of the certificates has been presented to Metropolitan for transfer and the petition was amended to show that claimant abandoned his claim to about 75 shares. Other certificates may later appear or they may not. It is certainly an accepted fact that certificates endorsed in blank are not infrequently transferred without presentation to the corporation for some time. Corporations are continually attempting to locate the whereabouts of some of the beneficial owners of their shares.

Claimant's case stands on three propositions (1) Ownership of the stock by Palmer & Co. as reflected by the records of Metropolitan (2) The testimony of Martin (3) The fact that in twenty years but one of the claimed certificates has appeared in outside hands.

Weighed against this are the following facts (1) Martin's testimony is not altogether convincing and, in any event, the certificates, or some of them, might well have been transferred by Palmer & Co. after he severed connections with it seven months prior to bankruptcy (2) That seven partners including claimant, at least some of whom knew the firm at one time owned Metropolitan stock, certified under oath that it owned none in December, 1931 (3) That, if the firm did own this stock in December, 1931, competent accountants committed the gross error of overlooking the fact when preparing bankruptcy schedules from the partnership books (4) That one certificate for 75 of the shares claimed in the original petition before me has now appeared in other hands, and (5) That, with the exception of 1100 shares, all of the many thousands of shares of Metropolitan stock handled and sold by Palmer & Co., when sold, must have been presented for transfer and that none of these shares was issued to individuals who failed to present them for transfer. This latter fact alone is most improbable because, not only have certain of these shares

appeared in other hands, but also, it is contrary to the usual experience of the brokerage business.

Upon reflection I am not satisfied that claimants have met the burden of proof that the 1100 shares in question were owned by Palmer & Co. in December, 1931. This being so, it is unnecessary to consider the question whether the shares have become lost or destroyed.

An order may be submitted in accordance with the conclusions here stated.