JACQUES COE & CO. and BURNHAM & COMPANY,

*vs.*

MINNEAPOLIS-MOLINE COMPANY, a corporation of the State of Minnesota.

*New Castle, October 21, 1949.*

*Robert C. Barab,* Wilmington, for Edith B. Swan.

*Robert H. Richards, Jr.,* of Richards, Layton & Finger, Wilmington, for defendant.

SEITZ, Vice Chancellor: One Edith B. Swan has moved for leave to file her claim in the above-captioned appraisal proceeding, although under this court's order the time fixed for filing claims has expired.

The stockholder shows by affidavit that her husband was handling the matter for her and states that he did not realize that the claim had to be filed by October 7, 1949 —the date fixed in the court's order; although he did realize that a claim had to be filed. She first applied for leave on October 11, 1949. This was denied with leave to renew her application seasonably. This is the decision on her second application filed October 17, 1949.

It thus appears that we are confronted with a situation where a stockholder, through her agent's oversight, failed to file her claim on time. Under such circumstances, should she now be granted leave to file her claim?

Counsel have been unable to find any authority on this point, and my research has failed to reveal any cases. I have carefully considered the policy arguments of counsel. The purpose behind the fixation of a date for filing claims was mentioned by Vice-Chancellor Pearson in the case of *In re Northeastern Water Co.*, 28 *Del. Ch.* 139, 38 *A.* 2d 918, 920. He stated that the procedure of filing claims, etc., was set up "to provide an orderly procedure * * *." It seems to me, therefore, that if the "late" filing of this claim will not unduly interfere with the orderly procedure of this appraisal, the court should permit the claim to be filed, unless there is evidence of bad faith. Here we must assume that the stockholder has already complied with the mandatory provisions of the appraisal statute. These requirements have been rigidly construed and impose a strict duty on a stockholder seeking an appraisal. In view of its purpose, a failure to comply with the court order fixing the time for the filing of claims—when, as here, there is no bad faith and when such failure does not ma-

terially affect the orderly procedure set up for effectuating the appraisal—should not result in the loss of the stockholder's appraisal remedy. I see no real prejudice to the corporation or to the other stockholders by allowing the filing of the claim at this time. So viewed, an inflexible construction of the court order is not justified.

Leave will therefore be granted Edith B. Swan to file her claim on or before a fixed date. The time within which the corporation must answer will be extended accordingly.

Order on notice.