OLIVETTI UNDERWOOD CORPORATION,
Respondent Below, Appellant,

*vs.*

JACQUES COE & CO., EGGER & CO., GERSTLEY, SUNSTEIN & CO., CARL M. LOEB, RHOADES & CO., MERRILL, LYNCH, PIERCE, FENNER & SMITH, SCHWEICKART & CO., TEWES & CO., TUCKER & CO., and WOOD, WALKER & CO.,
Petitioners Below, Appellees,

and

CHARLES ALVERSON, ET AL.,
Claimants Below, Appellees.

*Supreme Court, On Appeal, March 3, 1966.*

*H. Albert Young* and *Bruce M. Stargatt,* of Young, Conaway, Stargatt & Taylor, Wilmington, and *Oscar Cox, Daggett H. Howard* and *Peter Ehrenhaft,* of Cox, Langford & Brown, Washington, D. C., for respondent below, appellant.

*Arthur J. Sullivan,* of Morris, James, Hitchens & Williams, Wilmington, for petitioners below and certain claimants below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice: This appeal brings up for review certain portions of an Order of the Chancery Court determining the eligibility of the appellees to seek appraisal of stock of Underwood Corporation after its merger into Olivetti Underwood Corporation, the appellant.

The merger was the "short form" type provided by 8 *Del.C.* § 253 for the merging of parent and subsidiary corporations. The merger terms provided that the minority stockholders would be entitled to receive $10. per share for their stock in Underwood. There was no provision for an exchange of Underwood stock for shares in the appellant surviving corporation.

The action for appraisal was brought under the Statute by certain Underwood stockholders (hereinafter "broker-petitioners"). In the ordinary course of the proceedings, the Court entered an Order permitting other stockholders of Underwood (hereinafter "claimants") to file claims for appraisal. The appellant disputes the standing of 9 petitioners and 15 claimants to seek appraisal.

The petitioners are stockbrokers and registered stockholders of Underwood. In transmitting their demands for appraisal, they put the appellant on notice that they were not the beneficial owners of the stock registered in their names. The appellant addressed interrogatories to the broker-petitioners regarding their authority to demand appraisal on behalf of the beneficial owners. At the hearing, the broker-petitioners declined to submit proof of such authority, resting on their view of the law of Delaware that they were not required so to do. The appellant, for its part, offered in evidence the broker-petitioners' answers to the interrogatories showing that they are not the real parties in interest, that some do not know the identity of the

beneficial owners as of the merger date, and that most seek appraisal as to only part of the stock registered in their names, while holding other shares for which no appraisal is being requested.

As to the claimants, the Order of the Chancery Court permitted them to establish their standing in the appraisal proceedings by filing verified claims including copies of the written objections and demands sent to the appellant; and the Order stated that stockholders who did not comply with these requirements would be barred from seeking appraisal. None of the claimants filed verified claims with copies of their objections and demands attached as required by the Order.

For the reasons stated in its opinion reported at 204 A.2d 740, the Chancery Court held, *inter alia,* that the appellant is not entitled to question the authority of the broker-petitioners to seek the appraisal of stock registered in their names; and, as to the claimants, the Chancery Court held that the non-compliance with its Order did not deprive them of their right to appraisal. From those portions of the Order below, the appellant appeals.

## I.

Reduced to fundamentals, the first question before us is this: Does the appellant have the right to require each broker-petitioner to prove, as a prerequisite to the statutory right of appraisal, that it was duly authorized by the beneficial owner of the stock, registered in its name, to seek the appraisal?

The Delaware case most nearly in point is In re *Northeastern Water Co.,* 28 *Del.Ch.* 139, 38 *A.2d* 918 (1944). There, the corporation contended that a registered stockholder, not the "real" owner, may not seek an appraisal after merger unless his authority be shown. The Chancery Court rejected the contention stating:

> "No sufficient reason appears why the corporation should be permitted to challenge the action of the present registered holders. A liberal construction of the appraisal statute requires the avoidance of complexities in proceedings under it, particularly where the corporation will not be subjected to risks of liability.

Since the registered holders are entitled to proceed under the statute, proof that they have complied with its requirements should be enough to establish their right to an appraisal. Accordingly, the claimants need not furnish evidence of their authority to act. * * *."

In the instant case, the Chancery Court expressed similar views:

"* * * To suggest that because a corporation learns that a registered owner seeking an appraisal is not the beneficial owner imposes on the corporation a duty to seek proof of his authority to act is to inject the corporation into one of the very problems from which it is insulated by being able to rely on the stock ledger. This is particularly true where, as here, the corporation has no evidence that the registered owners may be acting contrary to the wishes of the beneficial owners. * * *."

The appellant must concede, as we believe it does, that under *Salt Dome Oil Corp. v. Schenck*, 28 *Del.Ch.* 433, 41 *A.2d* 583, 158 *A.L.R.* 975 (1945), denying the right of appraisal to unregistered stockholders, it is settled that only the registered owner of stock is a "stockholder" within the meaning of the merger-appraisal provisions of the Delaware Corporation Law. *Coyne v. Schenley Industries, Inc.,* — *Del.Ch.* —, 155 *A.2d* 238 (1959). The appellant contends, nevertheless, that while it has the right to restrict its dealings to registered stockholders, and is not obliged to recognize unregistered owners, it has a concurrent right (though not a duty) to require the stockholders of record to prove their authority to act in these proceedings for the beneficial owners.

As the source of this latter right, the appellant points to *Reynolds Metals Co. v. Colonial Realty Corp.,* — *Del.Ch.* —, 190 *A.2d* 752 (1963). In that case, the identity of, and authorization by, the beneficial owner was not in issue. This Court there held that the vote in favor of the merger cast by the stockbroker, as the registered holder of certain shares, did not make the broker ineligible to demand appraisal as to other shares held in his name. In discussing one of the corporation's contentions, this Court stated that if the corporation questioned whether the broker was acting as agent for another in de-

manding payment, it could inquire into the facts; that the burden was on it to do so; and that if "the corporation receives two opposing proxies from a broker, and a demand for appraisal in respect of the shares represented by only one, and if (as is probably unlikely) the broker fails to inform the corporation that he is acting for a customer, the corporation can readily ascertain the fact." These statements were clearly *obiter dicta*. We now have to decide whether they are to be given the force and effect of law.

The essence of the matter was stated by this Court in the *Salt Dome* case:

"* * * With respect to matters intracorporate affecting the internal economy of the corporation, or involving a change in the relationship which the members bear to the corporation, there must be order and certainty, and a sure source of information, so that the corporation may know who its members are and with whom it must treat, and that the members may know, in a proper case, who their associates are. Especially is this true in a merger proceeding which is essentially an intracorporate affair. The merging corporations are entitled to know who the objecting stockholders are so that the amount of money to be paid to them may be provided. The stockholders in general are entitled to know the dissentients and the extent of the dissent. * * * The corporations ought not to be involved in possible misunderstandings or clashes of opinion between the non-registered and registered holder of shares. It may rightfully look to the corporate books as the sole evidence of membership. On the other hand, the non-registered holder of a stock certificate is deprived of no essential right. He has it in his power to record the transfer of his shares and thereby become a member of the corporation in the full legal sense. If, for any reason, he chooses to allow his shares to be registered on the corporate books in the name of another, it is not a denial of his right of actual ownership to require him to establish his rights and pursue his remedy through the nominee of his own selection. Any disadvantage is the result of his own non-action. To hold that one who does not possess the essential rights incident to stockownership is, nevertheless, a

stockholder as against the corporation, and, as such entitled to interject himself in matters of internal management, is to disregard essential verities and must lead to unnecessary confusion."

We cannot better express the reasoning for the principles which necessarily follow: The corporation is entitled to confine itself to dealing with registered stockholders in intracorporate affairs such as mergers; it should avoid becoming involved in the affairs of registered stockholders vis-á-vis beneficial owners; and, in so doing, in the best interests of all stockholders, the corporation should avoid becoming involved in the expensive and time-consuming trial of such collateral issues in merger appraisal proceedings. We hold that insofar as the *dicta* in the *Reynolds* case may be contrary to the foregoing, it will be disregarded.

The appellant makes several *a priori* arguments in support of its position that it has the right, although not the duty, to inquire into a registered stockholder's authority to seek appraisal when he is not the beneficial owner.

The appellant argues that, under the Statute, the right of the stockholder is to decide, in his own interest, whether or not to avail himself of the right to an appraisal and to be bound by it; that if the stockholder chooses to act through a nominee, he and the nominee should be required to "meet certain reasonable requirements" and "carry out their arrangements properly"; that this is particularly so because the corporation may "expose itself to considerable risk if it ignores all but the record stockholder in the face of knowledge that the record stockholder is not the true owner and in the face of the possibility that the record stockholder is taking unauthorized actions which the true owner does not consider to be in his best interests."

We think that the reasoning of the appellant here is unclear, at best. In referring to a beneficial owner as a stockholder, the appellant seems to ignore the rule of the *Salt Dome* case that there is no recognizable stockowner under the merger-appraisal provisions of our Corporation Law except a registered stockholder. In referring to possible liability on the part of the corporation for limiting its recognition to

stockholders of record, the appellant gives too little credit, we think, to the general coverage afforded by the *Salt Dome* case which unquestionably entitles it to limit such recognition to registered stockholders. Nothing in the record of this case indicates that the appellant is on notice that any broker-petitioner is acting contrary to the wishes of its beneficial owners. Under the circumstances, the argument based upon possible liability of the appellant is too conjectural.

The appellant asks "why the nominee and the true owner should be relieved of their responsibility of carrying out the terms of their relationship and providing satisfactory evidence thereof to the Court." The answer is that, under the controlling Statute and cases, the relationship between, and the rights and obligations of, a registered stockholder and his beneficial owner are not relevant issues in a proceeding of this kind. Compare *Societe a Internationale, etc. v. Rogers,* 357 *U.S.* 197, 78 *S.Ct.* 1087, 2 *L.Ed.2d* 1255 (1958).

The appellant also asks why the corporation should be precluded from knowing its adversaries—why preserve the secrecy of the identity and instructions of the beneficial stockowner. The short answer, we think, is, why not? The argument places unwarranted emphasis upon stockholders as "adversaries" in statutory appraisal proceedings. Since the appellant is entitled to confine itself to registered stockholders, thus avoiding expensive involvement in the private affairs of its stockholders, what valid reason is there for it to involve itself in the identity of, or the rights and obligations of, beneficial owners with whom it has no privity, and to whom it has no legal obligation in proceedings of this kind?

■ The appellant gives only one reason which merits further discussion: We are told that unless the appellant is permitted to inquire into the identity and authority of the beneficial owners, it will be unable to determine whether a beneficial owner is seeking to take inconsistent positions by accepting the $10. per share, offered under the merger plan, for a portion of his stock, and demanding appraisal as to the balance. In *Reynolds,* it was unnecessary to rule on the right of a registered stockholder holding the beneficial ownership to split his

demand for appraisal, and we limited the holding of that case to the ruling that a broker as nominee may do so. Since the instant case also involves broker-nominees, it is controlled by *Reynolds*. We do not have for decision here the basic question underlying the appellant's argument: May a beneficial owner of record qualify for appraisal [1] if he votes some shares in favor of the merger and demands appraisal of the rest, thus partially withdrawing from the enterprise? That question is not presented here because (1) this is not the "regular" (8 *Del.C.* §§ 251, 252) type of merger as to which a dissenting stockholder may vote, and because (2) the minority stockholders are not being offered the choice of remaining in the enterprise by accepting shares in the surviving corporation, their choice being limited under the merger arrangements to accepting the offer of $10. per share or demanding an appraisal [2]. Insofar as that choice is concerned, we find no valid reason in the letter or spirit of the Statute, in the cases, or in considerations of fairness, which would bar a stockholder from "hedging" his position by electing to accept the offered price as to some of his stock and demanding appraisal as to the rest. We think that stockholders should have such flexibility and freedom of choice; and we so hold.

The statements in *Salt Dome* and cases such as *Chicago Corp. v. Munds*, 20 *Del.Ch.* 142, 172 *A*. 452 (1934) and *Federal United Corporation v. Havender*, 24 *Del.Ch.* 318, 11 *A.2d* 331 (1940), upon which appellant relies in support of its "unitary rights" argument, are inapposite because they relate to regular mergers as to which dissenting stockholders have the right to vote. We limit the law of the instant case to its facts and, as in *Reynolds*, we reserve for another day

---

1. 8 *Del.C.* § 262(b) qualifies for appraisal those stockholders "whose shares were not voted in favor" of the merger. It is noteworthy, however, that § 253(e) makes only §§ 262(c) to (j) applicable to a § 253 merger.

2. A § 253 merger of parent corporation and subsidiary is accomplished by resolution of the board of directors of the parent corporation when the parent is the surviving corporation. The parent corporation is empowered by § 253 to pay cash to minority stockholders of the subsidiary and thereby eliminate their interest in the corporation. See generally, *Coyne v. Park & Tilford Distillers Corp.*, 38 *Del.Ch.* 514, 154 *A.2d* 893 (1959).

the general question of the right of a beneficial owner of record to an appraisal of part of his holdings where he has the option of remaining in the enterprise.

The appellant relies upon *Davis v. Fraser, 307 N.Y.* 433, 121 *N.E.2d* 406 (1954) holding that a corporation cannot be compelled to pay dividends to stockbrokers who were registered stockholders, in the face of notice that they were nominees only and not the real owners. Because of the factual distinctions, and its inconsistency with the views of this Court set forth in *Salt Dome* and *Reynolds,* we find the *Davis* case to be unpersuasive.

Accordingly, in our judgment, the Chancery Court was correct in holding that the broker-petitioners are not required to prove their authority and are eligible to seek appraisal.

## II.

The question of the standing of the claimants is less difficult. The Court below concluded that their failure to comply with its Order, by not filing claims which were verified together with copies of their demands and objections attached, did not "disrupt the orderly administration of this appraisal proceeding or operate to the corporation's prejudice." Compare *Jacques Coe & Co. v. Minneapolis-Moline Co., 32 Del.Ch.* 1, 84 *A.2d* 815 (1949). This conclusion, we think, is justified. We are of the opinion that the Chancery Court did not abuse its discretion in excusing the claimants from compliance with its Order, in the absence of a clear showing that the waiver operated to the appellant's prejudice.

We approve, therefore, the conclusion of the Court below that the claimants were not deprived of their right to appraisal by the non-compliance asserted.

For the reasons stated, the portions of the Order appealed are affirmed.