## Hamberg v. Pittsburgh Western Land Corp.

*David McN. Olds*, for plaintiff.

*Thomas E. Boetger*, for defendant.

CERCONE, J., October 18, 1966.—The court has before it a motion for judgment on the pleadings filed by respondent corporation. Pursuant to section 515 of the Pennsylvania Business Corporation Law of May 5, 1933, P. L. 364, as added by the Acts of July 11, 1957,

P. L. 711, and November 10, 1959, P. L. 1406, petitioner Hamberg seeks a determination of the fair value of his stock in respondent corporation.

Petitioner has complied with all requirements of the above section, the filing of a timely written objection to the proposed merger, a timely written demand for payment of the "fair value" of his stock and a demand, in writing, that respondent institute court proceedings for the determination of the fair value of petitioner's stock.

Petitioner did not submit his stock certificates to respondent company for notation thereon of his dissent within 20 days after his demand for determination of the fair value, although the stock was submitted for notation 23 days after the required time. Petitioner's demand was made on December 1, 1965, and he submitted the share to respondent for notation on January 13, 1966.

Respondent argues that such failure, under section 515(2) of the Pennsylvania Business Corporation Law, gives to respondent the option to terminate petitioner's dissenter's rights and, in effect, this proceeding is the election to effectuate such option. Section 515 I. provides that this may be accomplished unless the court shall otherwise direct upon good and sufficient cause shown by petitioner.

No prejudice or change of position by respondent has been shown. Respondent was at all times from the date of the demand aware of the intention of petitioner to seek valuation and payment. To allow respondent's motion would result in substantial injustice to petitioner. The instant case closely parallels a New York case wherein petitioner was late in submitting his shares for notation, and the court sustained his right to have the fair value of his shares determined: Sasseen v. Danco Industries, Inc., 246 N. Y. S. 2d 440 (App. Div. 1964). In accord also is Jacques Coe & Co.

v. Minneapolis-Moline Co., 84 A. 2d 815 (Del. Ch. 1949).

For the above reasons, respondent's motion for judgment on the pleadings is dismissed.

ORDER OF COURT

And now, to wit, October 18, 1966, after argument in open court and upon consideration of briefs submitted, it is ordered, adjudged and decreed that respondent's motion for judgment on the pleadings filed in the within captioned case is hereby dismissed.