**Gilbert W. KEECH, Jr., Plaintiff,**

**v.**

**ZENITH RADIO CORPORATION, a corporation of the State of Delaware, Defendant.**

Court of Chancery of Delaware, New Castle.

March 30, 1971.

John P. Sinclair, of Potter, Anderson & Corroon, Wilmington, and J. Joseph Barse, Washington, D. C., for plaintiff.

Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, and Philip J. Curtis, of McConnell, Freeman, Curtis & McConnell, Chicago, Ill., for defendant.

MARVEL, Vice Chancellor.

Plaintiff claims to be the successor in interest to the assets of F. B. Keech & Co., a former dissolved limited partnership, and seeks an order under the provisions of 8 Del.C. § 168 declaring him to be the owner of shares of stock of the defendant Zenith Radio Corporation registered in such former brokerage firm's name as well as the issuance to him of a new certificate representing the shares to which he claims title. He also seeks an order directing payment to him of all past unpaid dividends declared on such shares. In other words, plaintiff claims to be the beneficial owner of shares of Zenith stock presently registered in the name of a dissolved limited partnership known as F. B. Keech & Co., plaintiff allegedly being the sole beneficiary of the estate of Frank B. Keech, who, as the sole surviving partner of F. B. Keech & Co., in liquidation, died owning the net assets of such partnership.

Plaintiff has moved for summary judgment claiming that there are no material facts in dispute and that he is entitled to judgment as a matter of law. Defendant opposes such motion, contending that plaintiff, on the basis of the undisputed material facts of record, has not successfully carried the burden imposed on him by law in that the record fails to disclose that Keech & Co., a former limited partnership, in whose name the shares in dispute have been registered since at least 1931, ever held more than bare legal title to the stock in question in its capacity as a broker.

Plaintiff supports his motion for summary judgment by affidavits which purport to establish in order, Keech & Co.'s original beneficial interest in the shares in question, plaintiff's successor interest as beneficiary of the estate of his grandfather, Frank B. Keech, who was, as noted above, the sole partner in liquidation of Keech & Co., and finally, the evident destruction of the last known certificates representing such shares. Plaintiff also relies on the federal tax laws which require that tax stamps be affixed to shares of corporate stock. He attempts on the basis of such requirement to establish that plaintiff is the beneficial owner of the shares in question. However, the certificates in issue are, of course, not available.

Defendant, in turn, has filed affidavits in opposition to plaintiff's present application which controvert the claim that Keech & Co. in liquidation held a beneficial interest in the shares in controversy. In short,

defendant contends that plaintiff has failed to carry the burden imposed on him by law and thus is not entitled to summary judgment on the basis of the uncontroverted material facts of record.

During the 1920's, F. B. Keech & Co. carried on a general brokerage business, consisting, inter alia, in the purchase and sale of securities on account of its customers. However, substantial losses sustained following the securities market crash of 1929 led the partners to decide voluntarily to liquidate their business as of December 31, 1931. Prior to such liquidation, Zenith's predecessor, an Illinois corporation, had caused certificate No. 1600 for 100 shares and certificate No. 4959 for 50 shares of its common stock to be registered in the name of F. B. Keech & Co. During the forty odd years which have elapsed since such registration Keech & Co. has remained the registered owner of such shares.

During the F. B. Keech & Co. partnership liquidation, a Mr. Austin F. Barry, since deceased, served as its liquidator. When Mr. Keech died in 1937, Mr. Barry continued to serve as such liquidator at the request of the executors of the Keech estate. At the present time business records of F. B. Keech & Co., formerly in the possession of Mr. Barry, are evidently held by his son in California.

The sole issue to be decided on the present motion is whether or not plaintiff has established " * * * with reasonable certainty * * * " that he is in fact the beneficial owner of the shares derived from the original 150 shares of Zenith stock registered in the name of F. B. Keech & Co. prior to December 31, 1931, 8 Del.C. § 168.

There is no doubt but that Keech & Co., as a registered stockholder of Keech & Co. over the years up to the year 1950, did receive Zenith dividends when declared and that during the administration of the estate of Frank B. Keech, which terminated in 1944, such estate in turn received Zenith dividends from Keech & Co. in the course of liquidation of ostensible assets of Keech

& Co., and finally that what were then assumed to be assets of the Frank Keech estate were then placed in trust for plaintiff's benefit. All subsequent dividends have been paid by Zenith into a special account. I fail to discern how these facts sustain plaintiff's contention.

The assets of Keech & Co. having passed by the will of Frank B. Keech into the trust mentioned above, following probate proceedings in New York, such trust then provided for the payment of income to plaintiff until he became thirty-five years of age, an event which occurred in 1961. Plaintiff then acquired the full legal and beneficial interest in the assets originally placed in trust for his benefit under the terms of his grandfather's will, including such beneficial interest as existed in the assets of Keech & Co. However, I fail to see how such probate proceeding can be deemed in a negative manner to have served to adjudicate the question of the ownership of the shares of Zenith Radio Corporation here in controversy.

During the period of the administration of the Keech trust here involved, its trustees evidently came to be of the opinion that all securities in which Keech & Co. had held a beneficial interest had been liquidated during the winding up of such business. Accordingly, all remaining records and files pertaining to Keech & Co.'s affairs were thereupon placed in storage at plaintiff's farm in Connecticut. Such records were later moved and stored in a warehouse, and in 1958 plaintiff ordered them burned, including, apparently, the certificates representing the stock whose title is here in issue. Since 1931, the Zenith shares here in issue have increased in number to 5,400 as a result of stock splits and stock dividends, and such shares are now presently valued at approximately $225,000.

The burden of proof resting upon a petitioner in an action brought under 8 Del. C. § 168 is set forth as follows:

"The burden is upon the petitioner to establish with reasonable certainty that

the certificates were owned by him and that they had become lost or destroyed. The fact that the corporate defendant will be adequately protected by the indemnity provisions of the statute in no sense lessens the burden of proof which, I conceive, is cast upon petitioner by the statute. Otherwise, it would be assumed that the statute would have provided for the issuance of the new certificates as a matter of right as soon as claimant had complied with the indemnity provisions by giving adequate bond." In re Metropolitan Royalty Corp., 5 Terry 561, 62 A.2d 857.

■ In the cited case, the court denied petitioner's application for an order establishing his alleged beneficial interest in a lost stock certificate which originally had been registered in the name of Palmer & Co., a brokerage business which had participated in an underwriting of stock of Metropolitan. And while under the Delaware merger statutes a company may normally look to the registered holder as the person to deal with in a merger case, In re Northeastern Water Company, 28 Del. Ch. 139, 38 A.2d 918, and Olivetti Underwood Corp. v. Jacques Coe & Co., 42 Del. Ch. 588, 217 A.2d 683, such presumption is not applicable in a case involving a liquidated brokerage firm as is the case here, the practice of brokerage firms of holding customers' stock either in the name of the broker itself or in another so-called street name having been recognized under similar circumstances in In re Metropolitan Royalty Corp., supra. Furthermore, a Delaware corporation, except in special cases, is entitled to recognize the exclusive rights of a registered holder as to voting and dividends. See American Hardware Corp. v. Savage Arms Corp., 37 Del.Ch. 59, 136 A.2d 690. The point is that the ownership of shares of stock and the concomitant right to dividends declared thereon have been put in issue.

■ Defendant, in resisting plaintiff's motion, relies, inter alia, on a 1938 audit of Keech & Co. in liquidation, which audit, in my opinion, fails to disclose the actual ownership of the Zenith stock here in issue. Plaintiff, in rebuttal, declines to recognize the 1938 audit as being of the complete and detailed nature produced in the Metropolitan case, supra, and so not binding. In short, there has been no clear showing on the present record that it is reasonably certain that plaintiff is the beneficial owner of the shares of Zenith to which he claims title.

Finally, because of the possibility that it may ultimately be shown that the Zenith stock here in issue may have a beneficial owner or owners now unknown, I must also decline to order payment to plaintiff of dividends on shares of stock to which he has not established ownership notwithstanding their present registration in the name of Keech & Co.

Plaintiff having failed to establish his asserted claim to the Zenith stock here in issue " * * * with reasonable certainty * * * ", on the present record, I must deny his motion for an order summarily directing the defendant to issue to him a stock certificate representing the Zenith Radio Corporation shares claimed by him under the provisions of 8 Del.C. § 168 and to pay over to him accumulated dividends on such shares of stock.

Order on notice.